Reinhardt v. Scarritt.

---

REINHARDT *et al.*, *Appellants*, v. SCARRITT *et al.*

In Banc, March 20, 1893.

1. **Practice in Supreme Court:** REVERSAL OF CAUSE. A cause will be reversed by the supreme court on appeal at the instance of a party who successfully demurred to the petition in the trial court.

2. ———: REVIEW OF PREVIOUS DECISION. The supreme court will not, on appeal, review one of its previous decisions, unless it is necessary to do so and the points decided in the case appealed would in some way be controlled or affected by such previous decision.

*Appeal from Jackson Circuit Court.*

REVERSED AND REMANDED.

*W. J. Ward* for appellants.

*Scarritt & Scarritt* for respondents.

BURGESS, J.—This suit was begun in the circuit court of Jackson county, Missouri, on the twenty-second day of September, 1890.   The petition after leaving off the caption is as follows:

"Now come the plaintiffs in the above-entitled cause, and for their cause of action against said defendants state:

"That on or about the seventeenth day of June, 1847, the following named persons, to-wit, Robert Campbell, William Gillis, Fry P. McGee, John C. McCoy, Henry Jobe, Jacob Regan and William B. Evans, were the owners of the following described land situated in the county of Jackson and state of Missouri, to-wit:   The southeast and southwest fractional quarters of section 32 in township 50 of range 33.

"That on or about said June 17, 1847, said owners of said land platted it as a town-site, or as an addition to the town of Kansas and laid it out into squares and blocks, streets, alleys and lands, and made a plat of it, and   called   said   plat   'Plat number 2 of the city of Kansas.'

"That on said plat of said town-site so platted and laid out by them they laid out on said plat and marked upon said plat a square or piece as land 21 and marked upon it the words 'Donated for graveyard.'

"That after said plat had been so made and so marked, said owners of said land caused said plat to be placed in the recorder's office for Jackson county, Missouri.

"That after said plat of said town-site had been placed in said recorder's office, all of said owners of said land sold out the said lots they had caused to be so platted, and by their deeds of conveyance referred by direct reference to said plat for the location and description of the property so sold by them.

"That after said plat was made, and after it was placed in the recorder's office, the citizens and residents of the town of Kansas City, which had been so laid out, and who had bought lots of said parties who had platted and laid out said town, buried in said land or square which had been so donated for a graveyard a great many of their dead, and continued to do so for many years.

"That the plaintiffs are and were citizens, residents and property-owners of said town of Kansas City, and that after said town-plat had been so marked or 'donated for graveyard,' that the plaintiffs buried members of their families and their family relations in and upon said grounds or square that had been so donated and set apart for the citizens and residents of said town by the proprietors of said town-site as a burying ground, and that it was so done and they were so buried with the knowledge and consent of the parties who owned said land and who had donated it for a graveyard and for a place to bury the dead, and that many other citizens and residents of said town buried their dead upon and in said land with the full knowledge and consent of the said town proprietors.

"That a great many people are still buried in said land or square that was so given for a graveyard, and that the family relations and kindred of these plaintiffs are still buried in said graveyard, and that said square is still a graveyard.

"That plaintiffs Peter Reinhardt and Philip Reinhardt have a brother buried in said graveyard; that

plaintiff Joseph P. Howe has a son and daughter buried in said graveyard; that plaintiff Louisa Reinhardt has a brother and sister buried in said graveyard; that plaintiff John C. Whiteman has a son buried in said graveyard.

"But plaintiffs state that the defendants claim to own said land or square, and that they claim it either through deeds of purchase from said parties who platted and laid out said town-site or as descendants of said parties.

"That under said claim so made by them that defendants are threatening and are about to take possession of said graveyard, and are about to dig up the remains of the dead buried therein, and to dig up the remains of the family relations and friends of these plaintiffs that are buried in said graveyard, and to cut down the trees in said graveyard, and to destroy and tear down the fence around the same, and to divide it up and sell it out in town lots, and to build houses upon it, and to completely destroy it as a graveyard, and to dig up and throw away the remains of these plaintiffs' relations that are buried therein.

"That these plaintiffs have no adequate remedy at law by which they can prevent the defendants from committing said wrongful acts, and that they have no adequate remedy at law if said acts are committed, and if defendants are not enjoined from committing the acts so threatened and about to be performed by them, that they will destroy said graveyard and dig up these plaintiffs' relations and the remains of the people who are buried in said graveyard.

"That said graveyard is situated in said town, now City of Kansas, in said county and state; that it is bounded on the north by Missouri avenue and on the west by Oak street, on the south by Independence avenue and on the east by Locust street in said city.

"Wherefore the plaintiffs pray the court that it make its decree or order perpetually enjoining defendants and all those claiming by, through or under them from disturbing said graveyard and from digging up its surface or the dead buried therein or these plaintiffs' relations that are buried therein, and from removing or destroying the fence around said graveyard or cutting or destroying the trees therein, or from removing or disturbing the stones placed over the graves of the people that are buried and of these plaintiffs' relations that are buried therein or from taking possession of the same, and from doing any act whereby anything in, upon or around said graveyard may be removed, injured or disturbed by them or those claiming under them; and plaintiffs pray all other and further relief that they may be entitled to under the pleadings and the evidence."

Defendants demurred to the petition for the following grounds of objection, to-wit:

"*First.* Because said petition does not state facts sufficient to constitute a cause of action.

"*Second.* Because, under the facts stated in the petition, plaintiffs are not entitled to the judgment and relief prayed for therein.

"*Third.* Because, as shown by said petition, the plaintiffs are not the proper parties to sue in such action.

"*Fourth.* Because, under the allegations of said petition, the plaintiffs have no right, claim or interest in the land referred to in said petition.

"*Fifth.* Because there is no equity in said petition."

On January 17, 1891, the court sustained the demurrer to plaintiffs' petition, to which ruling the plaintiffs at the time excepted; and plaintiffs declining to plead further the court entered final judgment dis-

missing plaintiffs' petition, to which plaintiffs at the time excepted.

On January 20, 1891, plaintiffs filed affidavit for appeal, and an appeal was granted to the plaintiffs by the court on the same day from the judgment of the court sustaining the demurrer and dismissing the petition, to the supreme court of Missouri.

Defendants now come into this court, confess the demurrer and ask that the cause be reversed and remanded only, while the plaintiffs insist that the case of *Campbell v. City of Kansas*, 102 Mo. 326, which involved the same questions that are involved in the case at bar, shall be reviewed and an opinion rendered settling the title to the property in order that the litigation shall end.

This court will not undertake to review one of its previous decisions, unless it is necessary to do so and the points decided in the case at hand shall in some way be controlled or affected by such decision, which we do not conceive to be the case here. Whatever might be said in this in regard to such former decision would be but *obiter dictum* and not an authority. The judgment is reversed, and the cause remanded. All concur.